UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYMOND L. STRONG,

    Petitioner,

v.                                                          Case No. 6:23-cv-486-JSS-DCI

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, Raymond L. Strong, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1.) Respondent, the Secretary of the Department of Corrections, has filed a response to the petition. (Dkt. 17.) For the reasons outlined below, the court denies the petition.

## BACKGROUND

Petitioner was charged by information with one count of aggravated battery of a pregnant person and one count of false imprisonment. (Dkt. 21-1 at 583.) A jury found him guilty of both counts. (*Id.* at 725.) The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of five years. (*Id.* at 729–37.) Florida's Fifth District Court of Appeal (Fifth DCA) affirmed the convictions, but vacated Petitioner's sentences and remanded with directions that Petitioner be resentenced before a different judge. (*Id.* at 1025–31.) On remand, the

trial court conducted a new sentencing hearing and imposed the same sentence. (*Id.* at 1055–57.) Petitioner voluntarily dismissed his appeal to the Fifth DCA. (*Id.* at 1094.)

Petitioner then filed a state petition for writ of habeas corpus, which the Fifth DCA denied. (*Id.* at 1096–111, 1219.) Petitioner next filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. (*Id.* at 1235–61.) The trial court ordered an evidentiary hearing on Claims I(b)(1), I(e), and II(b), summarily denying the remaining claims. (Dkt. 21-2 at 423–44.) After the evidentiary hearing, the trial court denied these remaining claims. (*Id.* at 630–47.) The Fifth DCA affirmed per curiam. (*Id.* at 789.)

On March 16, 2023, Petitioner filed a petition for a writ of habeas corpus with this court. (Dkt. 1.) Respondent filed a response, (Dkt. 17), and Petitioner has filed a reply to the response, as well as various supplements, (Dkts. 19, 20, 28, 31).

## APPLICABLE STANDARDS

Pursuant to the Antiterrorism Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, a federal court may not grant federal habeas relief with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States[,] or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established [f]ederal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). Under the first basis, a "federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently" from how the Supreme Court "has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13. Under the second basis, a "federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001) (quoting *Williams*, 529 U.S. at 409). Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004); *see Bell v. Cone*, 535 U.S. 685, 697 n.4 (2002) (disregarding evidence not presented to the state court in deciding whether the state court's decision was contrary to federal law).

Section 2254(d)(2) permits a federal court to grant habeas relief if the state

court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(2). However, the state court's "determination of a factual issue . . . shall be presumed . . . correct" and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *accord Parker*, 244 F.3d at 835–36.

To prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must demonstrate that "counsel's performance was deficient." *Id.* at 687. To meet this prong, the petitioner must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* There is "a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance," *id.* at 689, and consequently, counsel's performance is deficient only if it falls below "the range of competence demanded of attorneys in criminal cases," *id*. at 687 (quotation omitted). As the Eleventh Circuit has explained, the test for ineffective assistance of counsel

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. [It] ask[s] only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts . . . should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. [The inquiry is] not interested in grading lawyers'

> performances; [it is] interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992) (internal citation omitted).

Second, the petitioner must demonstrate that he was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687. Prejudice is established when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the petitioner has made an insufficient showing as to one. *See Strickland*, 466 U.S. at 697; *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). Moreover, "[t]he standards created by *Strickland* and [section] 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (cleaned up). Accordingly, "the cases in which habeas petitioners can properly prevail on . . . ground[s] of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## ANALYSIS

Plaintiff raises four grounds for habeas relief in his petition. (*See* Dkt. 1 at 5–11.) The court discusses each of these in turn. The court then examines the issue of a

certificate of appealability.

### A. Ground One

Petitioner argues that his counsel was ineffective for failing to "call and depo[se] witnesses[ and] investigate and collect police body cam . . . footage." (*Id.* at 5.) This claim was raised in Petitioner's Rule 3.850 motion and was denied because there was no showing that counsel acted deficiently or that there was prejudice. (Dkt. 21-2 at 425–26, 632–34.)

Before the start of the trial, the trial court held a *Richardson* hearing[1] concerning the body camera footage. (*See id.* at 426.) The prosecutor informed the trial court that "[o]ne of the other officers . . . f[ou]nd out that they did have body[ ]camera footage, that it was mislabeled, and that it [had been] deleted 40 days" prior. (Dkt. 21-1 at 780.) The prosecutor noted, however, that "there [wa]s body[ ]camera footage of . . . what these cameras would have shown." (*Id.* at 780–81.) The prosecutor indicated he had "no intentions of playing any of the videos because there [were] inadmissible statements and evidence on the videos of the defendant's statements." (*Id.* at 781.) The trial court found that the destruction of the videos was a "willful violation" but that the violation was "trivial" based "on the fact that the . . . footage for the other two officers d[id] exist." (*Id.* at 785.) The trial court also found that the violation did not affect "[Petitioner]'s ability to prepare or cause[] any prejudice in [his] trial

---

[1] *Richardson v. State*, 246 So.2d 771 (Fla. 1971) (when an alleged discovery violation is brought to a state trial court's attention, the trial court must conduct a hearing to inquire about the circumstances surrounding the alleged violation of discovery rules and examine possible prejudice).

preparation." (*Id.*) Consequently, the trial court reviewing Petitioner's ineffective assistance of counsel claim denied this ground because prejudice was not shown. (*See* Dkt. 21-2 at 425–26.)

Petitioner also argues that counsel failed "to call and depo[se] witnesses," but he fails to identify any potential witnesses or provide any information about the substance of their proposed testimony. (Dkt. 1 at 5.) "To prevail on such a claim, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008). "[M]ere speculation that missing witnesses would have been helpful is insufficient to meet the petitioner's burden of proof." *Streeter v. United States*, 335 F. App'x 859, 864 (11th Cir. 2009). Under the circumstances, Petitioner has failed to show deficient performance on the part of counsel or prejudice with regard to this matter.

The court finds that Petitioner has failed to demonstrate that his counsel acted deficiently or that he sustained prejudice. The court addresses the claim in accordance with the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the court finds that the state court's decision was neither contrary to, nor an unreasonable application of, *Strickland* and was not based on an unreasonable determination of the facts given the evidence presented to the state court. *See* 28 U.S.C. § 2254(d). Ground One is denied.

### B. Ground Two

Petitioner argues that his counsel was ineffective for failing to impeach the law enforcement officer who stated at trial that Petitioner knew the victim was pregnant. (Dkt. 1 at 7.) According to Petitioner, Officer Manjasek testified that the victim was pregnant, but testified at a deposition that he did not know whether the victim was pregnant. (*Id.*) Petitioner raised this claim in his Rule 3.850 motion. (Dkt. 21-2 at 43–44, 432–33.) The trial court denied relief because Officer Manjasek's trial and deposition testimony were not inconsistent, and there was no showing of prejudice. (*Id.* at 433.)

At trial, Officer Manjasek testified that Petitioner told him the victim was pregnant. (Dkt. 21-1 at 860.) At his deposition, Officer Manjasek was asked, "[d]id you know whether the alleged victim was pregnant?" (*Id.* at 1199.) Officer Manjasek responded, "I did not know." (*Id.*) Officer Manjasek's statements were not inconsistent—his trial testimony related to Petitioner's knowledge that the victim was pregnant, whereas his deposition testimony related to his personal knowledge of whether the victim was pregnant.

Petitioner has failed to demonstrate that his counsel acted deficiently or that he was prejudiced. The court addresses the claim in accordance with the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the court finds that the state court's decision was neither contrary to, nor an unreasonable application of, *Strickland* and was not based on an unreasonable determination of the facts given the evidence presented to the state

court. *See* 28 U.S.C. § 2254(d). Ground Two is denied.

### C. Ground Three

Petitioner argues that counsel was ineffective for failing to object to improper comments made by the prosecutor during closing arguments. (Dkt. 1 at 8.) Petitioner also complains that counsel moved for a judgment of acquittal rather than for a new trial. (*Id.*) These arguments were raised in Petitioner's Rule 3.850 motion and were denied. (Dkt. 21-2 at 438–41.)

Petitioner's arguments are vague and conclusory. Petitioner does not specify which of the prosecutor's comments was improper, nor does he specify why counsel should have filed a motion for a new trial instead of a motion for judgment of acquittal. (*See* Dkt. 1.) Petitioner's allegations regarding this issue are vague and conclusory and are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993) (observing that the petitioner "ha[d] made no effort . . . to develop the record" and that "[h]is vague and conclusory allegations of ineffective assistance [we]re inadequate as a matter of law to raise a cognizable issue of ineffective assistance of counsel" (citing *Richardson v. United States*, 577 F.2d 447, 452 (8th Cir. 1978))).

Moreover, to determine whether Petitioner is entitled to relief based on the prosecutor's comments, this court must engage in a two-pronged analysis: first, whether the prosecutor's comments were improper; and second, whether any comments found to be improper were so prejudicial as to render the entire trial fundamentally unfair. *Davis v. Kemp*, 829 F.2d 1522, 1526 (11th Cir. 1987).

In the order denying Petitioner's Rule 3.850 motion, the trial court identified certain comments made by the prosecutor that Petitioner alleged should have been objected to by counsel. The trial court found:

> Defendant has failed to demonstrate a sufficient claim. *See Franqui v. State*, 59 So. 3d 82, 97 (Fla. 2011). Attorneys have "wide latitude[]" when making their arguments to the jury. *See Breedlove v. State*, 413 So. 2d 1, 8 (Fla. 1982). "When evaluating a prosecutor's comment, the comment 'should be examined in the context in which it is made.'" *Jackson v. State*, 89 So. 3d 1011, 1018 (Fla. 4th DCA 2012) (quoting *Lubin v. State*, 963 So. 2d 822, 824 (Fla. 4th DCA 2007)).

(Dkt. 21-2 at 438.) The court has reviewed the allegedly improper prosecutorial comments raised by Petitioner in the Rule 3.850 motion. To the extent that any of the prosecutor's comments were improper, when considered in the context of the entire proceeding, the comments did not render the entire trial unfair.

Petitioner's argument that counsel should have filed a motion for new trial rather than a motion for judgment of acquittal was also raised in the Rule 3.850 motion. The trial court denied that claim, stating:

> Defendant also appears to allege that the same ground should have been raised in a motion for new trial or a motion for mistrial[. T]he Court finds that Defendant has failed to demonstrate that the motions would have been effective or that there would have been adequate grounds to raise such a motion. Defendant's assertion that the motions would have been granted [are] speculative based upon all the record citations contained within the instant order.

(*Id.* at 440–41.) Petitioner fails to show that there were grounds supporting a motion for a new trial or that a motion for a new trial would have been granted.

Petitioner has failed to demonstrate that his counsel acted deficiently or that he

sustained prejudice.  The court addresses the claim in accordance with the deferential standard for federal court review of state court adjudications.  Upon thorough review of the record and the applicable law, the court finds that the state court's decision was neither contrary to, nor an unreasonable application of, *Strickland* and was not based on an unreasonable determination of the facts given the evidence presented to the state court. *See* 28 U.S.C. § 2254(d).  Ground Three is denied.

### D.  Ground Four

Petitioner argues that his counsel was ineffective for failing "to investigate and present a factual defense." (Dkt. 1 at 10.)  He contends that his counsel failed to properly examine the State's witnesses, which prevented a defense based on the victim being the aggressor. (*Id.*)

This claim was raised in Petitioner's Rule 3.850 motion and was denied. (Dkt. 21-2 at 443.)  The trial court determined:

> This claim remains facially insufficient.  Defendant continues to advance conclusory and speculative claims that would not demonstrate entitlement to post-conviction relief.  *See Flint*, 561 So. 2d at 1344.  Furthermore, [d]efense counsel discussed motive, injuries, and inconsistencies in closing arguments and made the statement that the victim "she just turned and turned the knife on him."

(*Id.*)

The court agrees that Petitioner's allegations are vague and conclusory. Further, during closing argument, Petitioner's counsel argued that the victim had a motive to lie about the incident, that the victim lied about the injuries she sustained, and that the victim's trial testimony was inconsistent with prior statements she made.

- 11 -

(Dkt. 21-1 at 920-29.) Petitioner's counsel also argued that the victim "just turned and turned the knife on him." (*Id.* at 929.)

Petitioner has failed to demonstrate that his counsel acted deficiently or that he sustained prejudice. The court addresses the claim in accordance with the deferential standard for federal court review of state court adjudications. Upon thorough review of the record and the applicable law, the court finds that the state court's decision was neither contrary to, nor an unreasonable application of, *Strickland* and was not based on an unreasonable determination of the facts given the evidence presented to the state court. *See* 28 U.S.C. § 2254(d). Ground Four is denied.

## CERTIFICATE OF APPEALABILITY

A court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the "petitioner must demonstrate that reasonable jurists would find the . . . court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not "show[] that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Here, Petitioner has not demonstrated that reasonable jurists would find the court's assessment of the constitutional claims and procedural rulings debatable or wrong. Further, Petitioner failed to make a substantial showing of the denial of a constitutional right. Thus, the court denies Petitioner a certificate of appealability and

leave to proceed in forma pauperis on appeal.

## CONCLUSION

Accordingly:

1. The petition for writ of habeas corpus (Dkt. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. Petitioner is **DENIED** a certificate of appealability and leave to proceed in forma pauperis on appeal.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment in favor of Respondent, and close this case.

**ORDERED** in Orlando, Florida, on May 5, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party